54 F.3d 788
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alonzo R. WITHERSPOON, Plaintiff-Appellant,
v.
Richard G. AUSTIN, Administrator, General Services
Administration Agency, Defendant-Appellee.
 No. 94-1255.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Alonzo R. Witherspoon appeals from the district court's decision granting the defendant Administrator of the General Services Administration Agency's motion to enforce an oral contract settling plaintiff's claims against his employer. Following a court-ordered settlement conference conducted on November 30, 1993, the parties entered their agreement onto the record before the magistrate judge:
 
 
 3
 [I]n exchange for a release being granted, and this is a global settlement, that there are claims that are outstanding at this point in time in various agencies and various parts of the legal system. But in exchange for a release at the time of the retirement of all claims, Defendant agrees that Mr. Witherspoon will retire with a gross monthly annuity of $1400.00 per month. That retirement will be effective on February 1st, 1994.
 
 
 4
 His last day of employment will be January 31st, 1994. And he in fact will be on administrative leave from December 6th, 1993 through January 31st, 1994.
 
 
 5
 It's further agreed that $4500.00 cash settlement will be paid to be treated as tort -- I'm sorry, $4,000.00 will be treated as tort damages. And that $2,000.00 in attorneys fees will be paid to [plaintiff's attorney] for his work on this particular case.
 
 
 6
 II R. at 2-3. Plaintiff, along with both his attorney and defendant's attorney, acknowledged on the record that this represented their understanding of the parties' complete agreement. Id. at 3-4. The magistrate judge then addressed plaintiff and asked:
 
 
 7
 THE COURT: Mr. Witherspoon, you've heard me read the record, I think I've done it correctly. Do you want me to approve this, make this an order of Court today?
 
 
 8
 MR. WITHERSPOON: Yes, Your Honor.
 
 
 9
 ....
 
 
 10
 THE COURT: All right. I will do so.
 
 
 11
 Id. at 4.
 
 
 12
 When presented with a written settlement agreement several months later, however, plaintiff asserted that that document, along with the transcript of the settlement entered into the record before the magistrate judge, did not comport with his understanding of the parties' agreement. Defendant then filed a motion for the enforcement of the oral settlement agreement, which the district court referred to a second magistrate judge. Following an evidentiary hearing, that magistrate judge found that the settlement agreement read into the record was clear and unambiguous, represented a meeting of the minds between the parties, and expressed their mutual intent to be bound by that agreement. The magistrate judge, therefore, recommended granting defendant's motion to enforce the oral settlement. The district court, without reviewing a transcript of the hearing, accepted the magistrate judge's recommendation, granted the motion to enforce the oral settlement agreement, approved that agreement, and dismissed plaintiff's causes of action with prejudice pursuant to the terms of that agreement. Plaintiff appeals.
 
 
 13
 Although plaintiff filed timely objections to the magistrate judge's recommendation, the district court declined to review that recommendation de novo, indicating that "the basis for [plaintiff's] objection is not clear" and that "[i]f plaintiff means to challenge the magistrate judge's findings of fact, he has failed to perfect such a challenge by omitting to place before me any transcript of the hearing." I R., doc. 60 at 1. Plaintiff, however, did clearly object to the magistrate judge's factual finding that there was a meeting of the minds between the parties at the time the oral settlement was entered into the record. Because 28 U.S.C. Sec. 636(b) and Article III of the United States Constitution require the district court to provide de novo review of the magistrate judge's factual findings to which there has been a timely objection, see, e.g., Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987), it was error for the district court to refuse to do so. See Taylor v. Farrier, 910 F.2d 518, 520 (8th Cir. 1990) (objecting party's failure to provide district court with transcript of hearing before magistrate judge does "not relieve the district court of its statutory and constitutional obligation to make a de novo determination of the magistrate's findings").
 
 
 14
 Generally, in these circumstances we remand to the district court to comply with the de novo review requirements. See Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991) (where circumstances indicate that district court did not conduct de novo review of magistrate judge's recommendation, case remanded for compliance with Sec. 636(b)). Nonetheless, there are particular circumstances of this case that lead us to shortcut that process.
 
 
 15
 First, plaintiff has been permitted by this court to pursue his appeal in forma pauperis; but we have doubts that he should have been given that right based upon the affidavit plaintiff filed showing substantial property ownership and bank accounts with balances which he did not reveal. Second, because in forma pauperis was permitted, the right to a free transcript or tape of the hearing before the second magistrate judge should have been addressed; it was not. Finally, plaintiff has filed motions to expedite this appeal and to order defendant to file an appellate brief, asserting an urgent financial need for an immediate decision on his appeal. In the interest of judicial economy we have sua sponte ordered that the record on appeal be supplemented to include the audiotapes of this evidentiary hearing, see Fed. R. App. P. 10(e), and we have performed the de novo review to which plaintiff was entitled.
 
 
 16
 On appeal, plaintiff asserts that there was no meeting of the minds between the parties because a question remained concerning whether the $1,400 monthly annuity payment would be calculated as a net, rather than a gross, amount and because the parties had never reached any resolution concerning the issues of annual leave, sick leave and the applicability of locality pay. Plaintiff also asserts that the transcribed settlement agreement was merely tentative and that he never intended to be bound until that agreement was in writing. The audiotape of the magistrate judge's hearing, which we have reviewed de novo, clearly supports the magistrate judge's recommended disposition adopted by the district court.
 
 
 17
 Plaintiff's pending motions to expedite this appeal and to reconsider ordering defendant to file an appellate brief are DENIED as moot.
 
 
 18
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470