Lewis H. BRANCH, Appellant,

v.

Lt. Randall A. MARTIN, individually and in his official capacity; C/O Howard J. Snider, individually and in his official capacity; C/O Tim A. Severin, individually and in his official capacity; Warden Crispus Nix, individually and in his official capacity, Appellees.

No. 89-1595.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 9, 1989.

Decided Oct. 4, 1989.

Lewis H. Branch, pro se.

Gordon E. Allen and John M. Parmeter, Des Moines, Iowa, for appellees.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

McMILLIAN, Circuit Judge.

Lewis H. Branch, a prisoner at the Iowa State Penitentiary, appeals from a final order entered in the District Court for the Southern District of Iowa dismissing his civil rights complaint. *Branch v. Martin*, No. CIVIL 87–29–A (S.D.Iowa Mar. 24, 1989). For reversal, plaintiff argues the district court erred in holding that (1) the defense witnesses were credible and (2) defendants did not use excessive force. For the reasons discussed below, we vacate the order of the district court and remand the case to the district court for further proceedings consistent with this opinion.

In January 1987 Branch filed this 42 U.S.C. § 1983 civil rights complaint against three prison guards and the prison warden, alleging violation of the eighth amendment's cruel and unusual punishment clause and the due process clause of the fourteenth amendment. Plaintiff specifically alleged that on September 10, 1986, when defendants escorted him from a waiting room to his cell, defendants used excessive force against him even though he did not resist defendants and was in "full restraints," and that, despite his repeated complaints of severe pain, defendants refused to modify their conduct. Plaintiff was granted leave to file a complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a). Plaintiff made no request for a jury trial pursuant to Fed.R.Civ.P. 38(d) and so waived jury trial.

In February 1987, defendants filed an answer in which they denied any use of excessive force and also raised qualified immunity and the eleventh amendment defenses. In December 1987 the district court referred the case to a magistrate pursuant to 28 U.S.C. § 636(b)(1)(B). In September 1988 the magistrate conducted an evidentiary hearing at the penitentiary. Both sides were represented by attorneys. Plaintiff, defendants and several inmates testified. In addition, the magistrate also received into evidence plaintiff's disciplinary reports and several medical reports. The magistrate's report and recommendation was filed on December 30, 1988. The

report contains summaries of the witnesses' testimony and proposed findings of fact. The magistrate made credibility determinations in favor of defendants and recommended dismissal of the complaint on the merits. The magistrate specifically found that "plaintiff has failed to carry his burden of proof by a preponderance of the evidence presented." Plaintiff filed timely objections to the report. Several of plaintiff's objections were specific (for example, the report referred to wrong names and dates); however, two objections challenged the magistrate's finding of no unusual or unnecessary force and credibility determinations.

The district court "reviewed the entire record presented in this case" and "decide[d] the case de novo." Order at 1. The district court made certain corrections to the report (names and dates) and concluded that "in all other respects" the report and recommendation was "fully supported by the evidence in this record." *Id.* at 2. The district court noted that plaintiff had "received a fair trial" and then dismissed the complaint with prejudice. *Id.* at 3.

Appointed counsel filed the notice of appeal, but plaintiff filed a pro se brief. The briefs addressed only the issues on the merits. Plaintiff argues that (1) the magistrate's assessment of the credibility of the witnesses was incorrect and (2) defendants used excessive force against him in violation of the eighth amendment and the due process clause of the fourteenth amendment. Defendants argue that the magistrate's findings of fact are not clearly erroneous and that they did not use excessive force.

We do not reach the merits because we hold the district court did not conduct the required de novo review.

Under 28 U.S.C. § 636(b)(1)(B), a district court can refer to a magistrate, without the consent of the parties, (1) dispositive motions, (2) "applications for posttrial relief made by individuals convicted of criminal offenses," and (3) "prisoner petitions challenging conditions of confinement."[1] Under this subsection, the magistrate conducts "evidentiary hearings" and submits proposed findings of fact and recommended dispositions. If the losing party files timely and specific objections, the district court makes "a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* De novo review, and thus retention by the district court of "substantial control over the ultimate disposition of matters referred to a magistrate under § 636(b)," was crucial to the constitutionality of the Federal Magistrate Act, as amended. *See United States v. Raddatz,* 447 U.S. 667, 673–74, 100 S.Ct. 2406, 2411, 65 L.Ed.2d 424 (1980) (requirement that district judge remain ultimate decisionmaker was central in Congress's effort to draft § 636(b) without Article III infirmity).

■ "When objections are made to the magistrate's factual findings based on con-

---

1. The term "conditions of confinement" has been interpreted expansively to include almost any prisoner § 1983 action challenging "the type of confinement, and matters concerning health, safety, or punishment." *Houghton v. Osborne,* 834 F.2d 745, 749–50 (9th Cir.1987) (prisoner § 1983 complaint that he was required to wear prison clothing to court did not involve "conditions of confinement"). *See In re Wickline,* 796 F.2d 1055 (8th Cir.1986) (prisoner § 1983 challenging prison dietary programs); *accord Gee v. Estes,* 829 F.2d 1005 (10th Cir. 1987) (per curiam) (prisoner § 1983 action alleging physical assault by guards and treatment while in jail); *Hall v. Sharpe,* 812 F.2d 644 (11th Cir.1987) (prisoner § 1983 action alleging unnecessary exposure to violent prisoner); *Archie v. Christian,* 808 F.2d 1132 (5th Cir.1987) (banc) (prisoner § 1983 action alleging civil rights violations); *Cay v. Estelle,* 789 F.2d 318 (5th Cir.1986) (prisoner § 1983 action alleging physical assault by guards and unlawful placement in solitary confinement); *Wimmer v. Cook,* 774 F.2d 68 (4th Cir.1985) (pre-trial detainee § 1983 action challenging unsanitary and unhealthy conditions in county jail); *Goney v. Clark,* 749 F.2d 5 (3d Cir.1984) (per curiam) (prisoner § 1983 alleging unlawful transfer to solitary confinement); *Ford v. Estelle,* 740 F.2d 374 (5th Cir.1984) (prisoner § 1983 alleging unlawful denial of medical care); *Orpiano v. Johnson,* 687 F.2d 44 (4th Cir.1982) (prisoner § 1983 action alleging prison authorities intentionally misled him into believing that certain disciplinary charges against him would be dropped and would not endanger his prospects for transfer); *Hill v. Jenkins,* 603 F.2d 1256 (7th Cir.1979) (prisoner § 1983 action challenging shakedown practices).

flicting testimony or evidence, both § 636(b)(1) and Article III of the United States Constitution require de novo review." *Gee v. Estes*, 829 F.2d 1005, 1008 (10th Cir.1987), *citing United States v. Shami*, 754 F.2d 670, 672 (6th Cir.1985). The district court must consider the actual testimony and not merely review the magistrate's report and recommendations. *Gee v. Estes*, 829 F.2d at 1009, *citing United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir.1981) (per curiam). "In conducting [de novo] review, the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." *Gee v. Estes*, 829 F.2d at 1009 (citations omitted); *see also Cay v. Estelle*, 789 F.2d 318, 327 (5th Cir.1986) (de novo review of full credibility assessments made by magistrate requires consideration of verbatim record of evidentiary hearing; however, verbatim review may not be necessary when reviewing more limited credibility assessments made in context of § 1915(d) motions to dismiss as frivolous or malicious, if magistrate's report summarizes evidence and inconsistencies in testimony).

■ In addition, de novo review must be distinguished from review under the clearly erroneous standard. *Gee v. Estes*, 829 F.2d at 1009. When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous. Failure to conduct de novo review is reversible error. *E.g., Gee v. Estes*, 829 F.2d at 1008 (no transcript or tape recording); *Wimmer v. Cook*, 774 F.2d 68, 76 (4th Cir.1985) (no transcript); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir.1982) (no transcript).

■ In the present case, plaintiff's objections to the magistrate's factual conclusions were timely filed and specific enough to trigger de novo review. *See, e.g., Goney v. Clark*, 749 F.2d 5, 7 (3d Cir.1984) (per

curiam) (no de novo review if objections are untimely or general). Despite the references in the district court's order to de novo review, the district court could not have read the transcript of the evidentiary hearing because the transcript had not yet been prepared.[2] Nor does the district court order indicate that the district court listened to the tape recording of the evidentiary hearing. The absence of a transcript or, alternatively, a tape recording, of the evidentiary hearing made de novo review impossible.

Accordingly, we vacate the order of dismissal and remand the case to the district court for further proceedings consistent with this opinion. In conducting the required de novo review, the district court should either read the transcript of the evidentiary hearing or, in the alternative, listen to the tape recording of the evidentiary hearing. The clerk's office is directed to forward the transcript of the evidentiary hearing, upon receipt, to the clerk of the district court.

---

2. Ordinarily, it is the duty of the appellant to provide a copy of the transcript on appeal, Fed. R.App.P. 10(b). Failure to provide a transcript precludes meaningful review on appeal and ordinarily will result in dismissal of the appeal pursuant to 8th Cir.R. 13, even if the appellant is proceeding pro se. *See, e.g., Schmid v. United*

*Bhd. of Carpenters*, 827 F.2d 384, 386 (8th Cir. 1987) (per curiam), *cert. denied*, 484 U.S. 1071, 108 S.Ct. 1041, 98 L.Ed.2d 1004 (1988). In the present case, however, the lack of a transcript is a deficiency in the legal process that necessarily undermined the validity of the district court's order of dismissal.