910 F.2d 518
 17 Fed.R.Serv.3d 268
 Michael TAYLOR, Appellee,
v.
Hal FARRIER; Crispus C. Nix; Charles Harper; Ronald G.
Welder; and Ken Wittry; Mike Cutter; James
Burton; John Emmett; Harry Grabowski;
and John Henry, Appellants.
 No. 89-2436.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 13, 1990.
Decided Aug. 6, 1990.
 
 Layne M. Lindebak, Des Moines, Iowa, for appellants.
 Ronald L. Peeler, Des Moines, Iowa, for appellee.
 Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 The State of Iowa appeals from an order and judgment entered by the United States District Court for the Southern District of Iowa in favor of Michael Taylor, an inmate at the Iowa State Penitentiary. Taylor filed this action under 42 U.S.C. Sec. 1983 (1982) alleging various denials of due process in connection with an investigation into his involvement in a conspiracy to injure a fellow inmate. Taylor's case was referred to a magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B) (1988). After an evidentiary hearing, the magistrate found in favor of Taylor on his claim that he was transferred from the general prison population to a segregation unit pending administration of a Psychological Stress Examination (PSE) without due process of law. The magistrate found in favor of the State on Taylor's two remaining claims. The district court adopted the magistrate's report and recommendation, entered judgment in favor of Taylor and awarded Taylor reasonable attorney's fees. For reversal, the State argues that the district court (1) failed to give deference to the prison officials' legitimate reasons for placing Taylor in a segregation unit pending administration of the PSE and (2) failed to conduct the necessary de novo review of the magistrate's report and recommendation. We agree with the State's second argument and accordingly vacate the order of the district court and remand the case so that the district court can conduct the necessary de novo review. We do not reach the State's first argument, which concerns the merits of the district court's determination, because we find the decision of the district court procedurally infirm.
 
 I. BACKGROUND
 
 2
 The facts underlying Taylor's allegations are not relevant to this appeal because we do not reach the merits of the district court's decision. We therefore refrain from repeating them at this juncture of the proceeding. The following procedural facts are relevant to our discussion of de novo review.
 
 
 3
 Taylor filed his complaint pro se on April 17, 1987. The district court stayed the case pending exhaustion of state remedies. After Taylor exhausted his remedies in state court, the district court lifted the stay and appointed counsel. The district court then referred the case to a magistrate for an evidentiary hearing and a report and recommendation. After the magistrate issued his report and recommendation in favor of Taylor on one claim and in favor of the State on two others, both parties filed timely written objections. The district court heard arguments from counsel on those objections and entered an order adopting the magistrate's report in full and granting relief for Taylor. In doing so, the district court explained:
 
 
 4
 The court has thoroughly reviewed the Report and Recommendation. There is no merit in objections made by the plaintiff nor in those made by the defendants. The objections essentially go to the credibility of witnesses who testified. The Magistrate made findings of fact on the issues presented by the parties' objections, but no transcript has been provided the court and neither party has presented sufficient factual material to demonstrate that the Magistrate's findings are incorrect. Accordingly, the court accepts the Report and Recommendation of the Magistrate in full and enters judgment affirming the Magistrate's findings on all issues contained therein.
 
 
 5
 Taylor v. Farrier, No. 87-221-A, slip op. at 1-2 (S.D.Iowa July 31, 1989).
 
 
 6
 Our records indicate that the State did not order a copy of the transcript of the evidentiary hearing until after the district court entered its order. The record below does not indicate why the State did not file a copy of the transcript of the hearing with the district court. The reason, however, does not concern us. We remand the case because a de novo review cannot be conducted unless the district court reviews either the transcript or a tape recording of the hearing before the magistrate. There is no showing that this was done.
 
 II. DE NOVO REVIEW
 
 7
 De novo review of those portions of the magistrate's report and findings to which a party timely objects is mandated by statute, 28 U.S.C. Sec. 636(b)(1), and "was crucial to the constitutionality of the Federal Magistrate Act, as amended." Branch v. Martin, 886 F.2d 1043, 1045 (8th Cir.1989) (citing United States v. Raddatz, 447 U.S. 667, 673-74, 100 S.Ct. 2406, 2411-12, 65 L.Ed.2d 424 (1980)); see U.S. Const. art. III Sec. 1. In Branch v. Martin, we remanded a case to the district court because "[t]he absence of a transcript or, alternatively, a tape recording, of the evidentiary hearing made de novo review impossible." 886 F.2d at 1046; accord Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir.1987); Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir.1982); Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir.1981); Calderon v. Waco Lighthouse for the Blind, 630 F.2d 352, 355-56 (5th Cir.1980). This case is identical in all relevant respects to Branch v. Martin, and we find our decision in that case controlling.
 
 
 8
 Taylor argues, and the district court may have believed, that Branch v. Martin is not controlling because in this case the State failed to submit the transcript to the district court as it was required to do by Fed.R.Civ.P. 72(b). Taylor argues that the State's failure to submit the transcript should be treated as a failure to properly object to the magistrate's findings, which makes de novo review unnecessary, and a waiver of the right to appeal the district court's order. We disagree.
 
 
 9
 We do not believe that the State's failure to submit a copy of the transcript to the district court was tantamount to a failure to timely object, thereby making de novo review unnecessary. See Fed.R.Civ.P. 72(b) advisory committee's note (when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record). While we do agree that Fed.R.Civ.P. 72(b) placed the duty on the State to provide the district court with the tools necessary to conduct the de novo review, either by submitting a copy of those portions of the transcript relevant to its objections or a tape recording of the entire proceeding, the State's failure to do so did not relieve the district court of its statutory and constitutional obligation to make a de novo determination of the magistrate's findings.
 
 
 10
 A party's failure to submit a copy of the transcript so the district court can conduct a de novo review is distinct from a party's failure to provide an appellate court with a transcript of the proceedings pursuant to Fed.R.App.P. 10(b). In Branch v. Martin, we recognized that failure to provide an appellate court with a copy of the transcript pursuant to Fed.R.App.P. 10(b) precludes meaningful review on appeal and ordinarily will result in dismissal of the appeal. 886 F.2d at 1046 n. 2. We refused, however, to give the same force to the transcript requirement in Fed.R.Civ.P. 72(b) because the de novo review requirement in 28 U.S.C. Sec. 636(b)(1) has constitutional dimensions and "the lack of a transcript is a deficiency in the legal process that necessarily undermined the validity of the district court's dismissal." Id.
 
 
 11
 We also disagree with Taylor's argument that the State's failure to submit a copy of the transcript was tantamount to a failure to timely object for purposes of preserving the right to appeal the district court's order. While some courts hold that a party who fails to timely object to the magistrate's report loses the right to appeal from the district court to the court of appeals, e.g., United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981), we have declined to adopt such a per se rule. See Lorin Corp. v. Goto & Co., 700 F.2d 1202, 1205 (8th Cir.1983). We also decline Taylor's invitation to adopt a rule conditioning appeal on the party's submission of a transcript of the magistrate's hearing to the district court especially where, as here, the party is appealing a procedural defect in the district court's order. See Nash v. Black, 781 F.2d 665, 667 (8th Cir.1986) (declining to adopt a waiver rule when the question on appeal is one of law and the party had no notice that failure to object would bar appeal).
 
 
 12
 The district court may have believed that de novo review is not required when the party objects to credibility findings by the magistrate. However, once a party makes a proper objection to a magistrate's finding, including a credibility finding, the district court must make a de novo determination of that finding. Calderon v. Waco Lighthouse for the Blind, 630 F.2d at 356. The court need not conduct a de novo hearing, United States v. Raddatz, 447 U.S. 667, 673-76, 100 S.Ct. 2406, 2411-13, 65 L.Ed.2d 424 (1980), but must nonetheless make a de novo determination of that finding based on the record. Calderon v. Waco Lighthouse for the Blind, 630 F.2d at 356; see Branch v. Martin, 886 F.2d at 1045 (objections to magistrate's credibility determinations); Cay v. Estelle, 789 F.2d 318, 327 (5th Cir.1986) (de novo review of full credibility assessments made by magistrate requires consideration of verbatim record of evidentiary hearing; however, verbatim review may not be necessary when reviewing more limited credibility assessments made in context of Sec. 1915(d) motions to dismiss as frivolous or malicious as long as magistrate's report summarizes evidence and inconsistencies in testimony).
 
 
 13
 Because the district judge did not review the transcript of the hearing before the magistrate and there is no showing that he listened to a tape recording of the hearing in lieu of reviewing the transcript, we are not satisfied that the district judge made a de novo determination of those findings to which the State objected. Therefore, we reverse the judgment entered by the district court and remand the case for further proceedings consistent with this opinion. The clerk's office is directed to forward the transcript of the evidentiary hearing before the magistrate to the clerk of the district court.