**Charles Bruce NABORS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 90–1302.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1990.

Decided Oct. 15, 1990.

Charles Bruce Nabors, pro se.

Kenneth F. Stoll, Little Rock, Ark., for Appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Charles Bruce Nabors appeals from the district court's orders adopting the magistrate's recommendation to dismiss Nabors's petition for habeas corpus relief and denying his Federal Rule of Civil Procedure 60(b) motion for relief. Because the district court did not conduct the required de novo review, we remand the case to the district court for further proceedings.

Nabors filed a motion under 28 U.S.C. § 2255 (1988), which the district court referred to a magistrate pursuant to 28 U.S.C. § 636(b)(1)(B) (1988). The magistrate conducted an evidentiary hearing and issued proposed findings and a recommendation to dismiss. Counsel for Nabors submitted objections to the report challenging several of the proposed findings on the

basis of testimony given at the evidentiary hearing.

The district court adopted the magistrate's report in full after "a review of the[ ] proposed findings and recommendations." Nabors then filed a pro se Rule 60(b) motion for relief from the district court's order, arguing, among other things, that he had not been given a full and fair evidentiary hearing. In its order denying the motion, the district court stated that it had adopted the magistrate's recommended disposition to deny relief "[a]fter reviewing the objections submitted by defendant," and "[f]urthermore, [Nabors] was given a fair and full evidentiary hearing and filed objections to the recommended disposition that addressed [the issues]."

■ Although the parties have not raised on appeal the issue of whether the district court fulfilled its obligation to conduct de novo review, we are free to consider the issue sua sponte. *Branch v. Martin*, 886 F.2d 1043 (8th Cir.1989). In *Branch* we held that when specific and timely objections are made to the magistrate's findings, based on conflicting testimony or evidence, the district court must consider the actual testimony by listening to a tape recording or reading a transcript of the evidentiary hearing. *Id.* at 1045–46. We found that despite the district court's statement in *Branch* that it had conducted de novo review, "[t]he absence of a transcript or, alternatively, a tape recording, of the evidentiary hearing made de novo review impossible." *Id.* at 1046. Because of this deficiency in the legal process, the case was remanded to the district court for further proceedings. More recently, in *Taylor v. Farrier*, 910 F.2d 518 (8th Cir.1990), this court again refused to reach the merits of the appeal and remanded the case because there was no showing that the district court had reviewed either a transcript or a tape recording of the evidentiary hearing before the magistrate.

We believe the objections filed in the instant case were adequately specific and timely to entitle Nabors to de novo review.

The objections addressed particular findings made by the magistrate, which Nabors contends are contrary to testimony at the hearing. Although Nabors apparently did not file his objections within ten days after service of the magistrate's report and recommendation, 28 U.S.C. § 636(b)(1), or obtain an extension of time, neither did the government object to them as untimely. Moreover, the district court considered the objections, despite the out of time filing. Under these circumstances, the time for filing may be considered to have been extended implicitly. *See Patterson v. Mintzes*, 717 F.2d 284, 288 (6th Cir.1983) (even in jurisdiction in which failure to file objections within ten days usually constitutes waiver of right to appeal, court considered time for filing to have been implicitly enlarged where district court considered untimely objections).

■ Although Nabors's objections thus entitled him to de novo review, there is no indication in the instant case that the district court reviewed a tape or transcript of the evidentiary hearing.[1] Under *Branch* and *Taylor*, Nabors has not received his due. We remand this case, therefore, with instructions to the district court to review de novo those portions of the magistrate's report and recommendation to which objections were made, considering the actual testimony, by transcript or tape. The clerk's office is directed to forward the transcript of the evidentiary hearing before the magistrate to the clerk of the district court.

---

1. A tape of the evidentiary hearing existed at the time of the district court's review, but a tran-script did not. A transcript was prepared by order of this court after the appeal was filed.