47 F.3d 251
 31 Fed.R.Serv.3d 58
 Edward JONES, Appellant,
v.
Dr. Charles PILLOW, Cummins Infirmary, Arkansas Department
of Correction; Dr. Burl McKenzie, Cummins Infirmary,
Arkansas Department of Correction; Major Hall, Cummins
Unit, Arkansas Department of Correction; Steve Walton,
Infirmary Manager, Cummins Unit, Arkansas Department of
Correction, Appellees.
 No. 94-2491.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 13, 1995.
Decided Jan. 26, 1995.
 
 Howard B. Eisenberg, Little Rock, AR, argued, for appellant.
 J. Michael Lewis, Pine Bluff, AR, argued, for appellee.
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 MORRIS SHEPPARD ARNOLD, Circuit Judge.
 
 
 1
 Arkansas inmate Edward Jones appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action. We reverse and remand.
 
 
 2
 Jones filed this Sec. 1983 complaint alleging that defendants acted with deliberate indifference to his serious medical needs by requiring him to work beyond his physical capabilities. Following an evidentiary hearing, which was not transcribed, the magistrate judge recommended dismissal. The district court overruled Jones's timely and specific objections and dismissed the case, stating, "After careful review of [the] Findings and Recommendations, and the timely objections received thereto, the Court concludes that the Findings and Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects." Jones v. Pillow, No. 93-482 (E.D.Ark. May 19, 1994). We find this review to be insufficient, and thus do not reach the merits of the district court's decision.
 
 
 3
 Once a proper objection is made to a magistrate judge's finding, the district court must review that finding de novo. See Taylor v. Farrier, 910 F.2d 518, 521 (8th Cir.1990); 28 U.S.C. Sec. 636(b)(1). "In conducting [de novo] review, the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir.1989) (citations omitted). A party's failure to provide the district court with a copy of the transcript or tape does not relieve the district court of its obligation. See Taylor, 910 F.2d at 520.
 
 
 4
 This court has presumed de novo review was conducted where the district court stated that it had "made a full review of the files and records," but did not use the term "de novo." Edmundson v. Turner, 954 F.2d 510, 513-14 (8th Cir.), cert. denied, 502 U.S. 1101, 112 S.Ct. 1186, 117 L.Ed.2d 429 (1992). On the other hand, in Branch we remanded because no transcript had been prepared and the court did not assert that it had listened to the tape recording. 886 F.2d at 1046; accord Nabors v. United States, 929 F.2d 354, 355 & n. 1 (8th Cir.1990) (per curiam); Taylor, 910 F.2d at 519-20. The case on which Edmundson relies, United States v. Hamell, 931 F.2d 466, 468 (8th Cir.), cert. denied, 502 U.S. 928, 112 S.Ct. 347, 116 L.Ed.2d 286 (1991), noted that while the district court did not affirmatively state that it had read the transcript, the transcript was available before it adopted the magistrate judge's report. The Hamell court distinguished Branch, Nabors, and Taylor on this basis and went on to say:
 
 
 5
 To hold that this case must be remanded solely because the district court did not specifically state that it had done a complete de novo review would, in effect, create a presumption that the district judge acted improperly. Such a presumption would clearly be improper and we decline to reach a decision that will result in its creation. Rather, we hold that the rule is that where an objecting party is able to make a prima facie case that there was not a de novo review, the onus shifts to the other party to show that there was a complete review. However, where there is no indication that the review failed to comply with the statute, this court will not presume error. Rather, in the absence of any evidence to the contrary, we presume that the review was done properly and affirm the district court's approval of the magistrate's recommendation.
 
 
 6
 931 F.2d at 468.
 
 
 7
 We hold that together our cases stand for the proposition that where the record provides no indication of whether de novo review was conducted, such review, including a review of the hearing transcript or tape, may be presumed. This presumption is of course inappropriate in cases in which there is affirmative evidence indicating that de novo review was not performed. We believe that the circumstances of this case place it in the latter category. The evidence that negates the presumption here is twofold: (1) As in Branch, Nabors, and Taylor, the hearing transcript was not available to the district court and the court's order did not indicate that it had listened to a tape; and (2) Unlike Edmundson, where the district court asserted that it had made a full review of the files and records, the court here stated only that it had reviewed the findings and recommendations and Jones's objections. This evidence is sufficient to suggest that the district court did not review the record de novo.
 
 
 8
 Accordingly, we reverse the judgment and remand this case so the district court may conduct the required de novo review. See Fed.R.Civ.P. 72(b).