48 F.3d 1224
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Harold HENDERSON, Appellant,
v.
J.M. BARGER, Sgt. Maximum Security Unit, Arkansas Department
of Correction; M.D. Biram, Hearing Officer,
Maximum Security Unit, Arkansas
Department of Correction, Appellees.
 No. 94-2663.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 8, 1995.
Filed: Feb. 21, 1995.
 
 Appeal from the United States District Court for the Eastern District of Arkansas.
 E.D.Ark.
 REVERSED AND REMANDED
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arkansas inmate Harold Henderson appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 suit. We reverse and remand.
 
 
 2
 Henderson filed this section 1983 action alleging that defendants violated his Eighth and Fourteenth Amendment rights. After a tape-recorded evidentiary hearing, which was not transcribed, the magistrate judge recommended dismissal. Henderson filed nineteen pages of objections to the magistrate judge's report. "After careful review of [the magistrate judge's] findings and recommendations, and the timely objections received thereto," the district court "adopt[ed] them in their entirety" and dismissed the complaint. Henderson timely appealed, arguing, inter alia, that the district court did not make the required de novo review of the evidence.
 
 
 3
 This circuit has approved the cautious use of hearings by magistrate judges to determine if an inmate's non-frivolous section 1983 claims warrant a jury trial. See Hobbs v. Lockhart, No. 93- 2095, slip op. at 7-8 (8th Cir. Feb. 3, 1995). District courts must review de novo those portions of the magistrate judge's report to which objections are made, however, so that the district court retains " 'substantial control over the ultimate disposition of matters referred to a magistrate.' " See Hudson v. Gammon, No. 94- 2828, slip op. at 2 (8th Cir. Jan. 30, 1995) (quoting Belk v. Purkett, 15 F.3d 803, 815 (8th Cir. 1994)). In Hudson, we held that the inmate's pro se objections, liberally construed, required de novo review because they "sufficiently directed the district court to the alleged errors" in the magistrate judge's report, by citing challenged portions of the report and stating what the inmate "believed to be the correct facts or rulings." Id. Likewise, we think Henderson's objections were specific enough to trigger the de novo review requirement because he recited his version of the facts, which differed from the magistrate judge's conclusions, and he cited authority to support his view that his rights had been violated. His objections were not simply a " 'rehashing and expansion of the grounds asserted in the petition,' " and, in any event, the conciseness of the record and the brevity of the hearing tape rendered de novo review appropriate. See Belk, 15 F.3d at 815.
 
 
 4
 Because the district court indicated that it reviewed only the magistrate judge's report and Henderson's objections, we will not presume that de novo review occurred. See Jones v. Pillow, No. 94- 2491, slip op. at 3-4 (8th Cir. Jan. 26, 1995); Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989).
 
 
 5
 Accordingly, we reverse the judgment and remand the case so that the district court may conduct the required de novo review.