107 F.3d 876
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Pierre L. WEAVER, Plaintiff-Appellant,
v.
Gary GRIMES; Jodie Lemora, Defendants-Appellees,
Pierre L. WEAVER, Plaintiff-Appellant,
v.
Jim RUSH, Jail Administrator; Robert Hammond, Deputy Jail
Administrator; Deputy Sampson, Defendants-Appellees,
Pierre L. WEAVER, Plaintiff-Appellant,
v.
Gary GRIMES, Sheriff of Sebastian County; Jim Rush, Jail
Administrator; Jodie Lemora, Nurse; Robert
Hammond, Defendants-Appellees.
 No. 95-4064.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 5, 1997.
Filed Feb. 12, 1997.
 
 Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Pierre L. Weaver, an Arkansas inmate, appeals from an adverse judgment entered by the district court[1] on a jury verdict in these consolidated actions under 42 U.S.C. § 1983. On appeal, Weaver has neither identified any basis of alleged error by the district court, nor provided a trial transcript or requested one at government expense. As we thus cannot review the jury's verdict, we dismiss Weaver's appeal. See Fed. R.App. P. 10(b)(2) (appellant urging finding or conclusion is unsupported by, or contrary to, the evidence shall include in record transcript of all such relevant evidence); Fed. R.App. P. 28(a) (appellant must identify issues on appeal); Carter v. Lutheran Med. Ctr., 87 F.3d 1025, 1026 (8th Cir.1996) (per curiam) (dismissing pro se litigant's appeal because brief presented no question for appellate court to decide, because, inter alia, it did not identify any basis of alleged error by district court); cf. Branch v. Martin, 886 F.2d 1043, 1046 n. 2 (8th Cir.1989) (failure of pro se appellant to provide transcript precludes meaningful review and ordinarily will result in appeal's dismissal).
 
 
 
 [1]
 The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)