**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT DAVID BILES,
Plaintiff-Appellant,

v.

MARYLAND HOUSE OF CORRECTION;
RICHARD SINGLETARY; M. TUTHILL,

No. 96-7326

Captain; ERIC WAYNE YELTY,
Officer; CHARLES QUEEN, Officer;
KEVIN WOULDRIDGE, Officer; ROBERT
BURKER, OFFICER; WILLIAM HICKS,
Lieutenant,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-94-1359-WN)

Submitted: November 12, 1996

Decided: June 1, 1998

Before MURNAGHAN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark L. Gitomer, CARDIN & GITOMER, P.A., Baltimore, Mary-
land, for Appellant. J. Joseph Curran, Jr., Attorney General of Mary-

land, Gloria Wilson Shelton, Assistant Attorney General, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert D. Biles, a Maryland prisoner, appeals from the district court's order granting summary judgment to defendants in his action filed under 42 U.S.C. § 1983 (1994), in which he claimed that defendants used excessive force against him. Biles' action was referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(B), (C) (1994). The magistrate judge held an evidentiary hearing and recommended granting summary judgment for defendants. After consideration of Biles' timely objections to the magistrate judge's report, the district court adopted the magistrate judge's recommendation and granted summary judgment for the defendants.

The district court's order states that the court considered the magistrate judge's report, reviewed Biles' objections, and conducted "a de novo review of the entire matter." The order does not state whether this de novo review included scrutiny of the evidence presented at the hearing before the magistrate judge by study of a transcript or tape. Biles argues that because the district judge's order does not clearly state that he reviewed the transcript or tape, as he is required to do under 28 U.S.C. § 636(b), we should presume that the judge did not do this. Accordingly, Biles asserts that we must necessarily vacate the district court's judgment and remand the case so that the district court can clarify the basis for its decision. We reject Biles' argument.

When a party challenges a magistrate judge's findings of fact, as the plaintiff did here, the district judge reviewing the magistrate judge's determination must "make a de novo determination of those

2

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). We, along with the majority of circuits, have interpreted § 636(b) to require that the district court not only review any findings or recommendations that the magistrate judge makes, but also that the court independently review the transcript or tapes from the evidentiary hearings before the magistrate judge. See Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985); Gee v. Estes, 829 F.2d 1005, 1009 (10th Cir. 1987) (collecting cases). Accordingly, where the appellant demonstrates that the district court did not or could not review either the transcript or tapes from evidentiary hearings before the magistrate judge, remand is required so that the district court can fulfill its statutory obligations. See Orpiano v. Johnson, 687 F.2d 44, 46-48 (4th Cir. 1982) (district court did not review the "evidence," and appellant demonstrated that the district court did not have transcript when he ruled); see also Wimmer, 774 F.2d at 76 (appellee concedes that district court did not have transcript available).

By contrast, we have not squarely addressed the affect of § 636(b) when an appellate court cannot definitively determine, from the record or the district court's order, whether the district court in fact conducted this independent review of the transcripts or tapes. However, both the Tenth and the Eighth Circuits have addressed this question and have held that when the record does not indicate whether the de novo review as required by § 636(b) was conducted, "such review, including a review of the hearing transcript or tape, may be presumed." Jones v. Pillow, 47 F.3d 251, 253 (8th Cir. 1995); see also Bratcher v. Bray-Doyle Indep. Sch. Dist., 8 F.3d 722, 724 (10th Cir. 1993) (where plaintiff questioned the district court's review under the proper de novo standard, court presumed, absent affirmative evidence to the contrary, that district court followed § 636(b)).

We agree that it is only fair to "presume that the district court knew of these requirements" of § 636(b), Bratcher, 8 F.3d at 724, because to do otherwise would necessarily "create a presumption that the district judge acted improperly." Jones, 47 F.3d at 253 (quoting United States v. Hamell, 931 F.2d 466, 468 (8th Cir. 1991)). Accordingly, absent "affirmative evidence" demonstrating that the district court did not properly review the magistrate judge's ruling pursuant to § 636(b) we will presume it did. Id.

3

Here, Biles has offered no affirmative evidence that the district court did not consider the transcript and/or tapes of his evidentiary hearing when it conducted a "de novo review of the entire matter." Biles' only contention is that the district court, in denying his request for a transcript of the evidentiary hearing at the court's expense, suggests that the court did not review the transcript itself. This contention is meritless. Simply because the district court decided it was unnecessary or wasteful to provide a transcript to Biles does not mean that it was without a transcript or tape for its own review. Accordingly, the district court's judgment is

AFFIRMED.

4