# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1637EA

_____

| | |
|---|---|
| Michael Chatt, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Sgt. Franklin Tyner; Sgt. Bargin; Sgt. | * |
| Flint, East Arkansas Regional Unit, | * |
| Arkansas Department of Correction, | * |
| | * |
| Appellees. | * |
| | *  On Appeal from the United |
| ------------------------- | *  States District Court |
| | *  for the Eastern District |
| Michael Chatt, | *  of Arkansas. |
| | * |
| Appellant, | *  [Not to be Published] |
| | * |
| v. | * |
| | * |
| Bernard Williams, Infirmary Manager, | * |
| East Arkansas Regional Unit; Mollie | * |
| Davis, Nurse, East Arkansas Regional | * |
| Unit, Arkansas Department of | * |
| Correction; Dr. Webber, formerly | * |
| employed at East Arkansas Regional | * |
| Unit, currently employed at Lee County | * |
| Cooperative Clinic in Marianna, AR; | * |
| Nurse Hall, East Arkansas Regional | * |
| Unit, Arkansas Department of | * |
| Correction; PHP Healthcare | * |

Corporation, East Arkansas Regional    *
Unit, Arkansas Department of    *
Correction; Carmen Lanos-Williams,    *
Classification Officer, East Arkansas    *
Regional Unit, Arkansas Department of    *
Correction,    *
   *
        Appellees.    *
   *

--------------------------    *
   *
Michael Chatt,    *
   *
        Appellant,    *
   *
     v.    *
   *
Charles Pillow, Diagnostic Unit,    *
Arkansas Department of Correction;    *
Nurse Bealer, Diagnostic Unit,    *
Arkansas Department of Correction;    *
Laura McCarty, Diagnostic Unit,    *
Arkansas Department of Correction;    *
Tommie McGarity, Diagnostic Unit,    *
Arkansas Department of Correction;    *
Steven F. Blacke, Diagnostic Unit,    *
Arkansas Department of Correction,    *
   *
        Appellees.    *

_____

Submitted: April 5, 1999

Filed: May 24, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and BEAM, Circuit
     Judges.

-2-

_____

PER CURIAM.

Michael Chatt, a former Arkansas inmate, appeals the District Court's order dismissing with prejudice his 42 U.S.C. § 1983 action following an evidentiary hearing. We reverse and remand.

Chatt filed three Section 1983 complaints, which were consolidated, asserting claims relating to his medical care and prison work assignments. Following an evidentiary hearing, a Magistrate Judge issued a report recommending dismissal, and Chatt filed timely objections to the report. The District Court overruled the objections and dismissed the case, stating that it had received the Magistrate Judge's proposed findings and recommendations and Chatt's objections to them, and that "[a]fter careful review, the Court concludes that the findings and recommendations should be, and are, approved and adopted as this Court's findings." Because we are unable to determine whether the District Court reviewed the record de novo, we do not address the merits of this case. See Hudson v. Gammon, 46 F.3d 785, 786 (8th Cir. 1995); see also Nabors v. United States, 929 F.2d 354, 355 (8th Cir. 1990) (per curiam).

When a party makes a proper objection to a Magistrate Judge's recommended finding, the District Court must review that finding de novo. See 28 U.S.C. § 636(b)(1); Taylor v. Farrier, 910 F.2d 518, 521 (8th Cir. 1990). De novo review requires that the Court read a transcript or listen to a tape recording of the evidentiary hearing. See Jones v. Pillow, 47 F.3d 251, 252 (8th Cir. 1995). Although we may presume that a de novo review was conducted when the record is silent on the matter, the presumption is inappropriate if there is affirmative evidence showing that de novo review was not performed. See id. at 253. In Jones, we determined the presumption was negated because (1) the hearing transcript was not available to the District Court, and the Court's order did not indicate that the Court had listened to a tape recording of

the hearing; and (2) instead of indicating that it had made a full review of the record, the Court stated only that it had reviewed the findings and recommendations and the objections. The presumption has been similarly negated in this case. The District Court indicated only that it had received the Magistrate Judge's report and Chatt's objections, and that it was adopting the findings and recommendations "[a]fter careful review." Significantly, the full transcript of the evidentiary hearing was not filed with the District Court until after the Court had dismissed the case, and the Court did not indicate that it had conducted de novo review, that it had listened to a tape recording of the hearing, or that the tapes were available.

Accordingly, we reverse the judgment and remand the case so that the District Court may conduct the required de novo review, or state that it has already done so.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.