# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1178

_____

Pedro Gonzales-Perez,                    *
                                         *
              Appellant,                 *
                                         *      Appeal from the United States
       v.                                *      District Court for the
                                         *      Southern District of Iowa.
Charles Harper,                          *
                                         *
              Appellee.                  *


_____

Submitted: December 11, 2000
Filed: February 21, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

       Pedro Gonzales-Perez appeals from the district court's[1] dismissal of his civil rights claims against the Iowa State Penitentiary hearing officer who conducted disciplinary hearings without affording Gonzales-Perez an interpreter. We affirm.

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

Gonzales-Perez is a Spanish-speaking Cuban native who came to the United States in the early 1980s at the age of 34.  He was first incarcerated in the Iowa State Penitentiary (ISP) system in October 1993, where he remains.  During his stay in the ISP system, Gonzales-Perez has faced numerous disciplinary hearings,[2] most of which resulted in the revocation of good time credits.  Defendant Charles Harper was the Administrative Law Judge presiding over disciplinary hearings in the ISP system during the relevant time periods.[3]  Gonzales-Perez received the assistance of an interpreter at a number of his disciplinary hearings, particularly during his early incarceration.  At other hearings, he neither requested nor received the assistance of an interpreter.  He knew how to request an interpreter, as evidenced by a request during his third disciplinary hearing in April 1994.  It is undisputed that Gonzales-Perez received an interpreter at all hearings for which he requested one.[4]  ISP has provided a Spanish interpreter at all of Gonzales-Perez's disciplinary hearings since April 1997.

Gonzales-Perez has filed grievances within the ISP disciplinary process related to various disciplinary hearings but has never filed a grievance based on the lack of a Spanish interpreter.  Further, Gonzales-Perez has never pursued state post conviction relief related to any of the disciplinary hearings.  See Iowa Code § 822.2(6) (permitting a challenge to revocation of good time credits in the Iowa courts).

---

[2]Gonzales-Perez received 81 disciplinary reports between October 1993 and December 1997.

[3]The suit was originally brought against Gerardo Acevedo, ISP's former warden, and against Harper.  Early in the case the district court dismissed the suit against Acevedo as frivolous, leaving Harper as the sole defendant.

[4]Gonzales-Perez's attorney conceded this point during oral argument.

Gonzales-Perez filed this 42 U.S.C. § 1983 (1994) claim in 1996, claiming that the failure to provide a Spanish interpreter at all of his disciplinary hearings violated his constitutional rights to due process and equal protection. Gonzales-Perez also sought injunctive relief, requesting an order requiring the ISP to provide a Spanish interpreter at all future hearings. The case was referred to a magistrate judge[5] pursuant to 28 U.S.C. § 636(b)(1)(B), who held an evidentiary hearing on April 23, 1998. The magistrate judge thereafter filed a detailed and comprehensive report and recommendation with the district court, recommending that the case be dismissed. The magistrate judge found that Gonzales-Perez was proficient enough in English to understand the nature of the disciplinary proceedings against him, was able to respond to them, and that a Spanish interpreter was reasonably available when he so requested. (Add. at 42-43.) Gonzales-Perez timely filed objections to the report and recommendation.

The district court agreed with the magistrate judge's recommendation that the case should be dismissed. The district court found that Gonzales-Perez's § 1983 claims based on the Due Process Clause were Heck-barred because they necessarily implicated the invalidity of his disciplinary sentences, and he had not met the prerequisite of establishing that those sentences had been invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The district court further found that Gonzales-Perez's equal protection claims failed on the merits. The district court denied the requested injunctive relief as inappropriate both under Heck and on the merits. Gonzales-Perez appeals, arguing that his claims are not Heck-barred because the disciplinary hearing process itself, rather than the results, violated his constitutional rights.

---

[5]The Honorable Richard W. Peterson, then a United States Magistrate Judge for the Southern District of Iowa, now retired.

## II.

The parties dispute whether the district court appropriately reviewed the record following Gonzales-Perez's objections to the magistrate judge's report and recommendation. When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections, which requires more than merely reviewing the report and recommendation. See 28 U.S.C. § 636(b)(1); see also Jones v. Pillow, 47 F.3d 251, 253 (8th Cir. 1995) (remanding to the district court to perform a de novo review of the record where the district court stated only that it had reviewed the magistrate judge's findings and recommendations and the objections thereto but the hearing transcript was not yet available at the time of the district court's review). This court presumes that the district court properly performs its review and will "'affirm the district court's approval of the magistrate's recommendation,'" absent evidence to the contrary. Jones, 47 F.3d at 253 (quoting United States v. Hammell, 931 F.2d 466, 468 (8th Cir. 1991)). The burden is on the challenger to make a prima facie case that de novo review was not had. Id. (requiring "affirmative evidence" that de novo review was not performed).

The district court stated that "[u]pon de novo review of the record of plaintiff's case, the court agrees it must be dismissed." (Add. at 3.) The only evidence Gonzales-Perez raises to establish that the district court did not perform a de novo review is its statement at the end of its order that "[b]ecause the court resolves plaintiff's claims on these bases, the court does not address the parties' other arguments." (Id. at 13.) However, there is a big difference between addressing arguments and reviewing the record. Further, the district court dismissed the equal protection claims on the merits, indicating that the court did in fact review the entire record de novo. (Id. ("Plaintiff's claimed equal protection violation also is without merit. There is no 'English only' policy, and defendants did not discriminate against plaintiff.").) Gonzales-Perez therefore fails to make a prima facie case that the district court did not properly review

4

the record. <u>See</u> <u>Jones</u>, 47 F.3d at 253 (holding that even where there is <u>no</u> evidence of whether a de novo review was conducted, it may be presumed); <u>In re Griego</u>, 64 F.3d 580, 584 (10th Cir. 1995) (holding the district court's statement that it performed de novo review sufficient and even common among district courts). We now turn to Gonzales-Perez's substantive claims.

III.

To successfully bring a § 1983 claim, Gonzales-Perez must establish the "deprivation of a constitutional right by an individual acting under 'color of state law.'" <u>Woodis v. Westark Cmty. Coll.</u>, 160 F.3d 435, 437 (8th Cir. 1998) (quoting <u>West v. Akins</u>, 487 U.S. 42, 48 (1988)). Gonzales-Perez claims that his constitutional right to due process was violated when he was not provided the services of an interpreter at each of his prison disciplinary hearings. Gonzales-Perez must establish that his constitutional rights attached to the disciplinary hearings and that such rights were violated. A state prison disciplinary hearing that results in the deprivation of good time credits may implicate an inmate's liberty interest, protected by the Due Process Clause, depending on the nature of the state-created interest in good time credits. <u>See, e.g.,</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 557 (1974) (holding that Nebraska's system of depriving inmates of good time credits as a sanction implicates due process concerns); <u>Moorman v. Thalacker</u>, 83 F.3d 970, 973 (8th Cir. 1996) (indicating doubt about whether Iowa's statutory scheme created a liberty interest in good time credits but holding that the defendants were protected by qualified immunity, assuming there was due process protection). The Supreme Court of Iowa has recently expressed its disagreement with our assessment of Iowa's statutory scheme governing good time credits. <u>See</u> <u>Sanford v. Manternach</u>, 601 N.W.2d 360, 366-68 (Iowa 1999) (holding that an Iowa prisoner has a liberty interest in good time credits protected by the Due Process Clause).

5

We need not revisit <u>Moorman</u> today because we hold that even if Gonzales-Perez had a liberty interest in good time credits earned within the ISP system, the defendant did not violate his right to due process in revoking them. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Wolff</u>, 418 U.S. at 556. Even in a full-fledged criminal trial, a defendant's procedural due process rights are not violated by the failure of the state to appoint an interpreter if the defendant does not request an interpreter and the state is not otherwise put on notice of a significant language barrier. <u>Luna v. Black</u>, 772 F.2d 448, 451 (8th Cir. 1985) (holding that the district court did not abuse its discretion by not appointing an interpreter where the record indicated that the defendant could communicate in English and the defendant had not requested an interpreter). Gonzales-Perez concedes that he received the assistance of an interpreter every time he requested it. Defendant Harper presided over numerous hearings with Gonzales-Perez, both with and without the assistance of interpreters, and testified that he believed that Gonzales-Perez's English skills were sufficient to understand and respond to the disciplinary proceedings. Based on the facts of this case, Gonzales-Perez has failed to establish that any due process to which he was entitled at his prison disciplinary hearings was violated. Because we have found no due process violation, we need not reach the <u>Heck</u> issue upon which the district court relied to dismiss Gonzales-Perez's § 1983 claim.[6]

The district court dismissed Gonzales-Perez's equal protection claims on the merits. It is not altogether clear whether Gonzales-Perez appeals the equal protection issue. In any event, he has offered no evidence to establish that the district court's ruling on the merits was clearly erroneous. <u>Weir v. Nix</u>**,** 114 F.3d 817, 820 (8th Cir. 1997) (district court's factual findings are affirmed absent clear error). We therefore affirm the district court's dismissal of Gonzales-Perez's claims to the extent they rely

---

[6]We may affirm the district court on any basis supported by the record. <u>Cooksey v. Delo</u>, 94 F.3d 1214, 1218 (8th Cir. 1996), <u>cert. denied</u>, 522 U.S. 1027 (1997).

on equal protection grounds. Without any constitutional violation, there is no basis to award Gonzales-Perez either the § 1983 damages or the injunctive relief he seeks.

IV.

We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT