# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1918

_____

United States of America,          *
                                   *
            Appellee,              *    Appeal from the United States
                                   *    District Court for the
      v.                           *    Southern District of Iowa
                                   *
Curtis Moses Booker,               *    [TO BE PUBLISHED]
                                   *
            Appellant.             *

_____

Submitted:  September 11, 2001

Filed: October 15, 2001 (Corrected 11/5/01)

_____

Before BOWMAN, HEANEY, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Following a conditional guilty plea of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, Curtis M. Booker appeals the district court's[1] denial of his motion to suppress evidence seized by law enforcement officers during a search of his car after a traffic stop.  Having reviewed the record and the arguments of both parties, we reject Booker's argument and affirm the judgment of the district court.

_____

[1]The Honorable Harold D. Vietor, Senior United States District Judge for the Southern District of Iowa.

# BACKGROUND

On February 21, 2000, Trooper Clint Thulen clocked a Chevrolet Blazer, driven by Booker, going 71 miles per hour in a 65 mph zone. Trooper Thulen stopped the Blazer, asked for Booker's driver's license, and requested that Booker accompany him to the squad car while he ran a check on Booker's license.[2] While in the squad car, the radio dispatch indicated that Booker's license was invalid. Booker explained to the trooper that he possessed paperwork from the State of Iowa demonstrating that his driver's license was actually valid. That paperwork was supposedly located in the passenger side of Booker's Blazer.

In light of this information, both Booker and Trooper Thulen walked to the passenger side of the Blazer. As Booker was attempting to retrieve the paperwork in order to demonstrate that his license was valid, Trooper Thulen saw cannabis residue on the floor of the Blazer. Thereafter, other troopers arrived at the scene, and Trooper Thulen searched the Blazer with his drug-detecting canine. The dog alerted the troopers to the console area of the Blazer from which the troopers seized a plastic baggie containing large chunks of what was determined to be crack cocaine. A small amount of marijuana residue was also found in the cup-holder in the Blazer.

At the suppression hearing, the district court heard testimony from Trooper Thulen and observed and listened to the stop of Booker's Blazer, which had been recorded on a video camera affixed to the trooper's squad car. The district court found Trooper Thulen credible and concluded that, based on the sequence of events to which the trooper testified, there was probable cause to search the Blazer. The district court found that Trooper Thulen observed the cannabis on the floor of the Blazer, in plain view, while accompanying Booker to the Blazer to retrieve paperwork

---

[2]There was also a passenger in the Blazer. Trooper Thulen ran a check on the passenger's license, which proved to be valid.

that would demonstrate Booker's license was in fact valid. The district court thus found that Trooper Thulen saw the cannabis in the course of determining whether or not Booker possessed a valid driver's license.

## DISCUSSION

Booker argues that the crack cocaine should have been excluded because the search that uncovered it was the tainted fruit of an unreasonable detention, relying on United States v. Beck, 140 F.3d 1129 (8th Cir. 1998). In response, the United States argues that the trooper observed the cannabis on the floor in the Blazer before the traffic stop was completed, thus establishing probable cause to justify the trooper's further detention of Booker and search of the Blazer.

We review the district court's conclusions of law regarding the denial of a motion to suppress de novo, and review its findings of fact for clear error. United States v. Raines, 243 F.3d 419, 421 (8th Cir. 2001). We must affirm the district court's denial of the motion to suppress "unless it is not supported by substantial evidence on the record; it reflects an erroneous view of the applicable law; or upon review of the entire record, [we] are left with the definite and firm conviction that a mistake has been made." United States v. Lowe, 50 F.3d 604, 607 (8th Cir. 1995).

In Beck, we held that an officer may not continue to detain a vehicle or its occupants once he has finished processing the traffic violation unless events occurred during the traffic stop that give rise to "a reasonable, articulable suspicion that . . . criminal activity may have been afoot." Beck, 140 F.3d at 1134-35, 1136. In that case, we found that the traffic stop was complete because the officer had returned the driver's license and registration, issued a verbal warning and told the defendant he was free to go. Id. at 1132, 1136. Here, however, the initial traffic stop was not completed when the trooper saw the cannabis residue. Rather, it was *during* the

investigation of whether Booker possessed a valid license that Trooper Thulen observed the cannabis residue. Thus, Booker's reliance on <u>Beck</u> is misplaced.

Booker also challenges Trooper Thulen's credibility, arguing that the amount of cannabis found in the Blazer was a minimal amount that would not likely have been seen by Trooper Thulen. Based upon suppression hearing testimony, however, the district court found that Trooper Thulen saw the cannabis residue while he was investigating whether Booker possessed a valid driver's license. Additionally, the district court observed the video and audio of the stop which was not inconsistent with Trooper Thulen's testimony. Based on the record, and the district court's credibility determination, we cannot say that the district court clearly erred. <u>See</u> <u>United States v. Wicker</u>, 80 F.3d 263, 268 (8th Cir. 1996) (stating that a district court's credibility determinations are virtually unreviewable on appeal).

The trooper saw the cannabis in Booker's Blazer before the traffic stop was completed. That sighting generated probable cause to justify the subsequent search of the Blazer. <u>See</u> <u>United States v. Burnett</u>, 791 F.2d 64, 67 (6th Cir. 1986) (concluding that police officer's observation of marijuana on floorboard of lawfully stopped car constituted probable cause to search the entire car); <u>cf.</u> <u>United States v. Cummins</u>, 920 F.2d 498, 502 (8th Cir. 1990), <u>cert. denied</u>, 502 U.S. 962 (1991) (concluding that upon discovering the marijuana in plain view, the officers had probable cause to place defendants under arrest and conduct a search of the car incident to arrest). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-