# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2441

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Stacey Harvey, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: December 11, 2001
Filed: April 2, 2002

_____

Before LOKEN and BYE, Circuit Judges, and BOGUE,[1] District Judge.

_____

PER CURIAM.

This appeal arises from Stacey Harvey's conditional plea of guilty to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a). Harvey appeals the district court's[2] denial of his motion to suppress drug evidence seized following

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Jean C. Hamilton, Chief United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Thomas C. Mummert III, United States Magistrate Judge for the Eastern District of Missouri.

a traffic stop and incriminating statements Harvey made regarding drug trafficking activities. We affirm.

I.

On December 7, 1999, Harvey and a passenger, Lamont Watson, were stopped by St. Louis police for driving the wrong way on a one-way street. When the police officers approached Harvey's vehicle they noticed the odor of marijuana and observed a shopping bag in the back seat containing a substance believed to be marijuana. Harvey and Watson were ordered to exit the vehicle at which time Harvey spontaneously admitted he owned the marijuana. Harvey was arrested and given Miranda warnings. Miranda v. Arizona, 384 U.S. 436 (1966). A record check also revealed an outstanding arrest warrant for Harvey for violating a city ordinance. Harvey was arrested on the warrant and again given Miranda warnings. Later, while at the police station, Harvey was given Miranda warnings for a third time, after which he gave the police a written statement.

Harvey was indicted for possession with the intent to distribute marijuana. He moved to suppress the marijuana arguing the police stopped him while he was a pedestrian, not while he was driving. Harvey also moved to suppress the incriminating statements arguing they were obtained as the result of an illegal search of his vehicle. Following an evidentiary hearing, the magistrate judge recommended denial of the motions to suppress. Harvey filed timely objections to the magistrate judge's report and recommendation, and following a de novo review of the record, the district court denied the motions. Harvey filed a motion for reconsideration and request for a de novo evidentiary hearing which was denied. He then entered a conditional plea of guilty, reserving his right to appeal the district court's denial of his motions to suppress and motion for reconsideration.

On appeal, Harvey contends the district court failed to conduct an adequate de novo review and should have held a second evidentiary hearing. Harvey also argues the findings of fact and conclusions of law adopted by the district court were erroneous because (1) he was not driving the vehicle at the time of his arrest (the alleged traffic violation was merely a ruse concocted by the police to justify the search of his vehicle), and (2) Harvey's incriminating statements were fruits of an illegal search and should be suppressed.

## II.

When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections, which includes more than merely reviewing the report and recommendation. See 28 U.S.C. § 636(b)(1); see also Jones v. Pillow, 47 F.3d 251, 253 (8th Cir. 1995) (remanding to the district court to perform a de novo review of the record where the district court stated only that it had reviewed the magistrate judge's findings and recommendations and the objections thereto but the hearing transcript was not yet available at the time of the district court's review). The burden, however, is on the objecting party to make a prima facie showing that de novo review was not performed. Jones, 47 F.3d at 25 (requiring affirmative evidence that de novo review was not performed). We require that "[i]n conducting [de novo] review, the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989). We will presume the district court properly performed its review and will "'affirm the district court's approval of the magistrate's recommendation,'" absent evidence to the contrary. Jones, 47 F.3d at 253 (quoting United States v. Hamell, 931 F.2d 466, 468 (8th Cir. 1991)).

The district court conducted a de novo review of the entire record and listened to audio tapes of the evidentiary hearing. Harvey, however, contends the district

-3-

court was required to hold a second evidentiary hearing because a different district court presiding over passenger Watson's case ordered similar evidence suppressed. Harvey cites no authority for his position and we find his argument unconvincing. The mere fact that a different district court in a related case reached a different conclusion does not mean the district court in this case committed clear error. Harvey has failed to present any evidence suggesting the district court's de novo review was improper or incomplete. Absent such evidence, we conclude the district court's de novo review was conducted properly.

Harvey next argues the district court's findings of fact were clearly erroneous and the court misapplied applicable law. We review the district court's findings of fact for clear error and its conclusions of law de novo. United States v. Booker, 269 F.3d 930, 931-32 (8th Cir. 2001) (citing United States v. Raines, 243 F.3d 419, 421 (8th Cir. 2001)). The district court's decision must be affirmed "unless it is not supported by substantial evidence on the record; it reflects an erroneous view of the applicable law; or upon review of the entire record, [we] are left with the definite and firm conviction that a mistake has been made." Id. (citing United States v. Lowe, 50 F.3d 604, 607 (8th Cir. 1995)).

Our review of the record reveals nothing to suggest the district court's findings of fact are clearly erroneous. The testimony was conflicting, and each witness gave a somewhat different version of what transpired. Nonetheless, there is substantial record evidence to support the district court's decision to credit some testimony and to discredit other testimony. We conclude the district court's findings of fact are not clearly erroneous.

Similarly, the district court's conclusions of law must be affirmed. Assuming the facts as adopted by the district court, the officers properly stopped Harvey for driving the wrong way on a one-way street. When the officers approached Harvey's vehicle they smelled and observed marijuana, and Harvey admitted it was his. Taken

together these facts are more than sufficient to establish probable cause to search the vehicle. See, e.g., Booker, 269 F.3d at 932 (holding that police officer's observation of marijuana in vehicle constituted probable cause to search).

## III.

The district court's order denying the motions to suppress is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.