# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2859

_____

United States Fidelity and Guaranty      *
Company, a corporation,      *
    *
    *
        Plaintiff,      *
    *
      v.      *
    *
Concrete Holding Company, formerly      *
known as St. Charles Quarry Company,      *
doing business as Defiance Quarry,      *
doing business as Kurtz Concrete, Inc.,      *
doing business as Goellner Redi-Mix,      *
Inc., a corporation; St. Charles County      *
Sanitary Landfill, Inc., an      *
administratively-dissolved      *   Appeal from the United States
corporation; Quarry Holding Company,      *   District Court for the
a voluntarily-dissolved corporation,      *   Eastern District of Missouri.
    *
        Defendants,      *
    *
      v.      *
    *
John J. Barnes, Jr.; Quarry Holding      *
Company,      *
    *
        Third Party Defendants,      *
    *
John J. Barnes, Jr.; Quarry Holding      *
Company; James P. Davis; Quarry      *
Development Company; Community      *
Title Company,      *

```
                                       *
        Cross Defendants,              *
                                       *
----------------                       *
                                       *
Concrete Holding Company,              *
                                       *
        Third Party Plaintiff - Appellee,  *
                                       *
        v.                             *
                                       *
James P. Davis, individually, and as   *
statutory and common law trustee for   *
defendant Quarry Holding Company;      *
Quarry Development Company;            *
Community Title Company,               *
                                       *
        Third Party                    *
        Defendants - Appellants.       *
```

_____

Submitted:  January 13, 1999
Filed:  February 10, 1999

_____

Before BOWMAN, Chief Judge, WOLLMAN, and MURPHY, Circuit Judges.

_____

BOWMAN, Chief Judge.

James P. Davis, Quarry Development Company, and Community Title Company  appeal the judgment of the District Court[1] awarding Concrete Holding

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Company prejudgment interest. The appellants contend that in awarding prejudgment interest to Concrete Holding Company, the District Court failed to comply with a prior mandate of this Court. We affirm.

The litigation culminating in this appeal began when United States Fidelity and Guaranty Company (USF&G) sued Concrete Holding Company (Concrete) and Quarry Holding Company (Quarry) for breach of contract. Concrete filed a cross-claim for breach of contract against Quarry and a third-party claim for breach of contract against James P. Davis, Quarry Development Company, and Community Title Company (collectively, Davis), the appellants in this appeal.[2] Concrete's claims against Quarry and Davis were based upon an agreement in which Quarry agreed to indemnify Concrete against losses like those incurred in this lawsuit.[3]

At the conclusion of the trial, the jury rendered a verdict in favor of USF&G on USF&G's claim for breach of contract against Concrete and Quarry. The jury also found in favor of Concrete on Concrete's cross-claim for breach of contract against Quarry and on Concrete's third-party claim for breach of contract against Davis. Thereafter, Concrete filed a motion anticipating that USF&G would seek prejudgment interest from Concrete and asserting that USF&G should not be awarded prejudgment interest. In the alternative, Concrete moved the District Court to award prejudgment interest to Concrete from Quarry and Davis contingent upon a determination by the District Court that USF&G was entitled to prejudgment interest from Concrete. As anticipated, USF&G filed a motion with the District Court seeking prejudgment

---

[2]Concrete also filed a counter-claim against USF&G. The jury resolved the counter-claim in favor of USF&G, and the counter-claim is not implicated in this appeal.

[3]Apparently, Davis is liable to Concrete for the indemnification obligations of Quarry by reason of Concrete's piercing the corporate veil surrounding Quarry to reach Davis.

interest from Concrete and Quarry. The District Court determined that USF&G was not entitled to prejudgment interest and therefore denied the motion of USF&G seeking prejudgment interest and the contingent motion of Concrete seeking prejudgment interest in the event it was awarded to USF&G.

USF&G appealed the denial of its motion, and Concrete cross-appealed. In its notice of appeal, Concrete stated, as one of several grounds for appeal, that it was seeking prejudgment interest against Quarry and Davis, "but only in the event [USF&G] prevails in its appeal which seeks a reversal of the District Court's Order denying [USF&G's] Motion for pre-judgment interest." Notice of Appeal of Concrete Holding Company at 1-2, United States Fidelity & Guar. Co. v. Concrete Holding Co., No. 492-CV-02218-CDP (E.D. Mo. May 8, 1997). However, in its brief in the first appeal, Concrete did not raise the issue of its contingent claim against Quarry and Davis for prejudgment interest.

This Court decided the appeal in a per curiam opinion, which states, "After review of the record in the context of the parties' arguments, we find the record supports the district court's decisions with the exception of the court's ruling on [USF&G's] request for prejudgment interest." United States Fidelity & Guar. Co. v. Concrete Holding Co., No. 97-2402, 1998 WL 165128, at **1 (8th Cir. March 26, 1998) (per curiam) (unpublished). We remanded the case with instructions that the District Court award prejudgment interest to USF&G and otherwise affirmed the judgment of the District Court without further discussion. Because our opinion was silent as to whether Concrete was entitled to an award of prejudgment interest against Quarry and Davis, Concrete filed a petition for rehearing requesting that this Court make clear that Concrete is entitled to prejudgment interest in the same amount as the award of prejudgment interest in favor of USF&G. We considered the petition and denied it without comment.

-4-

On remand, the District Court entered an amended judgment awarding prejudgment interest to USF&G consistent with the mandate of this Court. The District Court, on Concrete's motion, also determined that Concrete had not waived its claim for prejudgment interest and that Concrete was entitled to an award of prejudgment interest against Quarry and Davis in an amount equal to the prejudgment interest awarded to USF&G. Davis now appeals the judgment of the District Court awarding Concrete prejudgment interest.

For reversal, Davis argues the District Court erred in granting Concrete's motion for prejudgment interest because the District Court lacked jurisdiction to amend its judgment beyond the mandate of this Court in the first appeal. See United States v. Behler, 100 F.3d 632, 635 (8th Cir. 1996) (holding all issues decided by appellate court become law of the case on remand, and district court is bound to proceed within limitations imposed by appellate court), cert. denied, 118 S.Ct. 152 (1997). This Court has the authority to determine on appeal whether the District Court has complied with its mandate. See United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995) (quoting Jaramillo v. Burkhart, 59 F.3d 78, 80 (8th Cir. 1995)).

Before we can determine whether the District Court complied with this Court's prior mandate, we must determine what the scope of the prior mandate was. Although Concrete stated in its notice of appeal that it was seeking prejudgment interest against Davis in the event USF&G was awarded prejudgment interest against Concrete, Concrete never raised in its appellate brief the denial of its contingent motion for prejudgment interest. It is axiomatic that an appellant's brief on appeal fixes the scope of the issues to be reviewed on appeal. See Anderson v. Beatrice Foods Co., 900 F.2d 388, 397 (1st Cir.), cert. denied, 498 U.S. 891 (1990); see also United States v. Simmons, 964 F.2d 763, 777 (8th Cir.) ("As a general rule, an appellate court may review only the issues specifically raised and argued in an appellant's brief."), cert. denied, 506 U.S. 1011 (1992). Furthermore, this Court's per curiam opinion was silent as to whether Concrete was entitled to an award of

prejudgment interest against Davis.[4]  We conclude that the denial of Concrete's contingent motion for prejudgment interest was not an issue in the first appeal, was not considered by this Court, and therefore could not have been within the scope of this Court's per curiam opinion and mandate.  See Bone v. City of Lafayette, 919 F.2d 64, 66 (7th Cir. 1990) ("Subjects an appellate court does not discuss, because the parties did not raise them, do not become the law of the case by default."); see also Jasperson v. Purolator Courier Corp., 765 F.2d 736, 741 (8th Cir. 1985) (noting questions not made issues on appeal ordinarily will be given no consideration by an appellate court).

Davis argues then that because Concrete failed to raise the issue of prejudgment interest in the first appeal, Concrete thereby abandoned any claim it may have had for prejudgment interest.  "Our general rule is that 'a party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue.'" United States v. Eldeeb, 20 F.3d 841, 843 (8th Cir.) (quoting Jasperson, 765 F.2d at 740), cert. denied, 513 U.S. 905 (1994).  However, Davis overlooks the fact that Concrete had no reason to appeal the District Court's denial of its initial motion for prejudgment interest because Concrete's right to prejudgment interest was not at issue at the time of the first appeal.  See Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 333 (1980) ("A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it."); Bierle v. Liberty

_____

[4]Davis argues that the Court's use of the phrase "district court's decisions" in affirming the District Court in the first appeal includes the District Court's decision to deny Concrete's initial motion for prejudgment interest.  See United States Fidelity & Guar. Co. v. Concrete Holding Co., No. 97-2402, 1998 WL 165128, at **1 (8th Cir. March 26, 1998) (per curiam) (unpublished).  But Davis's argument that such generic language amounts to a determination on the merits of Concrete's claim for prejudgment interest begs the question whether the issue ever was raised in the first appeal.  For the same reason, we reject Davis's argument that the Court's denial without comment of Concrete's petition for rehearing amounted to a determination that Concrete was not entitled to an award of prejudgment interest.

Mut. Ins. Co., 992 F.2d 873, 876 (8th Cir. 1993) (quoting Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 242 (1939)). After the jury verdict in favor of USF&G, Concrete asserted in its initial motion that USF&G was not entitled to prejudgment interest, or in the alternative, that Concrete was entitled to the same amount of prejudgment interest that the District Court might award to USF&G. When the District Court entered a judgment denying USF&G's motion for prejudgment interest, Concrete was granted all the relief it had requested and therefore had nothing to appeal.

Furthermore, any claim Concrete, as an indemnitee, had to prejudgment interest from Quarry and Davis was contingent upon any right USF&G had to an award of prejudgment interest against Concrete. When the District Court denied USF&G's motion requesting prejudgment interest, the condition requisite for Concrete's claim failed. Therefore, at the time of USF&G's appeal, the issue of Concrete's claim to prejudgment interest was relevant only if the Court reversed the decision of the District Court denying USF&G's motion. See 15A Charles Alan Wright et al., Federal Practice and Procedure § 3904, at 203-04 (2d ed. 1991) ("Cross-appeal . . . is not required to preserve the right to orderly disposition of issues that become relevant only because of reversal."). For these reasons, we hold Concrete did not abandon its claim to prejudgment interest in the first appeal.

Because the denial of Concrete's initial motion for prejudgment interest was not a subject of this Court's per curiam opinion and mandate, and because Concrete did not abandon its claim for prejudgment interest, the District Court was free on remand to grant the motion for prejudgment interest that is the issue in this appeal. See Borchers v. Commissioner, 943 F.2d 22, 23 (8th Cir. 1991) ("Although [appeals court] mandate controls all matters within its scope, a court on remand is free to revisit any issue [appeals court] did not expressly or impliedly decide.").

Finally, we note that notwithstanding Davis's strenuous arguments against the District Court's ruling awarding prejudgment interest to Concrete, conspicuously absent is an argument that, passing over the procedural issue Davis has raised, Concrete is not entitled to prejudgment interest as a matter of contract. It is uncontested that Concrete is entitled, by the terms of the indemnification agreement, to recoup from Quarry and Davis the amount of prejudgment interest for which Concrete is liable to USF&G.

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.