# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3199

_____

| | | |
|---|---|---|
| Terry L. Jones; Patricia K. Jones; Jones Publishing, Inc.; Jones Oil Company, Inc.; Jones Petroleum Company, a partnership; J. O. Holding, formerly known as Jones Oil Company, Inc., | * * * * * * * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| United States of America; Stephen L. Tinsley; Sandy Job-Rivera; Christie Stubbert; Charles Vonderschmitt; John Doe, Unknown Internal Revenue Service Department of the Treasury and Department of Justice Employees; Jane Roe, Unknown Internal Revenue Service Department of the Treasury and Department of Justice Employees; Richard Roe, Unknown Internal Revenue Service Department of the Treasury and Department of Justice Employees, | * * * * * * * * * * * * * | |
| Appellees. | | |

_____

Submitted: June 13, 2001

Filed: July 5, 2001

_____

Before MURPHY, HEANEY AND BEAM, Circuit Judges.
_____

BEAM, Circuit Judge.

This matter now reaches this court for a third time. The appellants (collectively the "Joneses") appeal the district court's[1] denial of their Rule 60(b) motion for relief from judgment. We affirm.

The facts underlying this case are amply set forth in our two earlier opinions, Jones v. United States, 97 F.3d 1121 (8th Cir. 1996) ("Jones I") and Jones v. United States, 207 F.3d 508 (8th Cir. 2000) ("Jones II"). In brief, the Joneses filed suit after an IRS agent improperly revealed confidential tax return information to an informant and in doing so caused the financial demise of the Jones Oil Company. In Jones I, we held that the burden of proving "good faith" under 26 U.S.C. § 7431(b), falls on the government. 97 F.3d at 1124-25. In Jones II, we reduced the Joneses' damages award to remove an improper element of pre-judgment interest and sustained the district court's denial of punitive damages and attorneys' fees. 207 F.3d at 511-13. This appeal raises only a narrow question regarding the scope of our holding in Jones II.

At trial, the Joneses' expert witness calculated damages by capitalizing Jones Oil's income stream at the time of the company's demise. He then projected that value forward to the date of trial as if it had been invested at the "Baa bond rate." Id. at 511. He similarly projected forward Jones Oil's real estate and personal property losses. Id. In its post-trial reply brief, the government asserted these projections constituted pre-judgment interest, which may not lie against the government absent an express waiver

---

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

of sovereign immunity from such an award. After the district court rejected this argument, the government appealed. In <u>Jones II</u>, we agreed with the government:

> Perhaps if [the Joneses' expert] had stated as his opinion that the value of the business and the property would have increased a certain amount in the relevant interim, that increment would have been recoverable. . . . In any event, that is not our case. In our case, the district court awarded amounts that compensated the Joneses for the loss of investment capital between the time of the loss and the date of trial. This is nothing more than damages for the delay in receiving money and, we think, cannot be properly characterized as anything but interest. The character or nature of interest does not change simply because it is called by another name.

207 F.3d at 512 (citations omitted). We held that "[t]he judgment must therefore be reduced by $2,560,081." <u>Id.</u> On remand, the district court entered an amended judgment reflecting our order.

The Joneses then filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Had the government raised the argument sooner, they argued, they could have introduced additional economic evidence and demonstrated their damages in a manner less resembling pre-judgment interest. The government's timing, they continued, constituted unfair surprise and entitles them to a new trial. <u>See</u> Fed. R. Civ. P. 60(b)(1). Rather than meet the merits of the Joneses' motion, the district court denied it on the grounds that our holding in <u>Jones II</u> had settled the question, and that it was therefore bound by our mandate and without authority to entertain the motion. The Joneses appeal this ruling.

Ordinarily, we review a district court's denial of a Rule 60(b) motion for abuse of discretion. <u>Ivy v. Kimbrough</u>, 115 F.3d 550, 552 (8th Cir. 1997). This case, however, presents an unusual situation because rather than deny the motion on its

merits, the district court did so on the grounds that our mandate constrained its authority.  We review such questions of law de novo.

The parties do not dispute the governing principles.  All issues decided by an appellate court become the law of the case.  U.S. v. Behler, 100 F.3d 632, 635 (8th Cir. 1996).  This rule extends not only to actual holdings but also to all issues implicitly settled in prior rulings.  Roth v. Sawyer-Cleator Lumber Co., 61 F.3d 599, 602 (8th Cir. 1995).  On remand, a district court is bound by all such determinations.  United States Fidelity & Guarantee Co. v. Concrete Holding Co., 168 F.3d 340, 342 (8th Cir. 1999).

Whether the district court had authority to entertain the merits of the Joneses' Rule 60(b) motion, then, turns on whether we explicitly or implicitly resolved in Jones II the question whether the government's delayed assertion of sovereign immunity constituted surprise.  Our opinion in Jones II does not explicitly settle the question, as nowhere therein did we address surprise.  Moreover, that issue simply could not have been before this court in Jones II.  The district court specifically rejected the sovereign immunity argument the government raised in its post-trial briefing.  Jones v. United States, 9 F. Supp. 2d 1119, 1145 n.23 (D. Neb. 1998).  Having prevailed below prior to the Jones II appeal, the Joneses' had no cause to raise a Rule 60(b) motion seeking relief from a judgment due to surprise.

The government sets the question to a different spin, focusing on the text of Jones II where we ordered "[t]he judgment must therefore be reduced by $2,560,081." 207 F.3d at 512.  Given this strict mandate, the government argues, the district court lacked authority to do anything but enter a judgment amended as ordered.  In so far as the amended judgment is concerned, the government is correct. Yet, an appellate court order resolving one issue, here that the award as originally ordered improperly included pre-judgment interest, does not strip the district court of other post-judgment authority, such as that granted by Rule 60(b).  Certainly, the district court could not use its Rule 60(b) authority to ignore or reverse this court's mandate, but that mandate does not

-4-

prevent it from entertaining the merits of such a motion. We therefore conclude that the district court had authority to visit the merits of the Joneses' motion.

This does not dispose of the matter, however, for "[w]e may affirm the district court on any basis supported by the record." Gonzales-Perez v. Harper, 241 F.3d 633, 638 n.6 (8th Cir. 2001). Rule 60(b) relief may be afforded in only the most exceptional of circumstances. General Electric Co. v. Lehnen, 974 F.2d 66, 67 (8th Cir. 1992). As the record in this case does not suggest any such circumstances, we conclude that the Joneses are not entitled to Rule 60(b) relief.

In Jones II, we agreed with the government that the damage award in favor of the Joneses contained an element of pre-judgment interest, which cannot lie against the government absent an express waiver of the government's sovereign immunity therefrom. 207 F.3d at 511-12. This rule has long been well established. See Library of Congress v. Shaw, 478 U.S. 310, 314 (1986) (tracing history of rule requiring separate waiver of immunity for interest award). Moreover, it is axiomatic that because sovereign immunity implicates our subject matter jurisdiction, the issue may not be waived, and the government may raise it at any stage. Arneson v. Callahan, 128 F.3d 1243, 1245 n.3 (8th Cir. 1997); Preferred Risk Mutual Ins. Co. v. United States, 86 F.3d 789, 793 (8th Cir. 1996) (citing cases). Indeed, in cases implicating subject matter jurisdiction, federal courts are obliged to raise the issue *sue sponte* even where the parties themselves have failed to do so. See, e.g., Gorman v. Easley, Nos.00-1029 & 00-1030, 2001 WL 683717, at *2 (8th Cir. June 13, 2001).

Had we raised the issue *sue sponte*, our ruling would not have been susceptible to relief pursuant to a Rule 60(b) motion alleging unfair surprise.[2] We do not think the issue warrants contrary disposition simply because the government raised the issue

---

[2]Indeed, in Jones II, we seem to have raised a related issue on our own motion, pointing out that the Joneses were entitled to post-judgment interest. 207 F.3d at 512.

itself. The Joneses' argument that all parties and the district court seemed to agree to a large extent on the proper damages formulation does not affect this conclusion. To permit a finding of surprise because the government belatedly raised an issue which our precedent clearly establishes may be raised at any point would work to the detriment of federal courts' ability to properly review their own jurisdiction.

Moreover, to grant the Joneses the relief they request would simply be to award them a second bite at the apple. The Joneses proffered a theory of damages which projected capitalized income forward over time as a given return on investment. Now they argue that with proper warning as to the sovereign immunity problem, they could have argued that their actual loss at the time of Jones Oil's demise, calculated in a different way, was equal to the company's projected earnings stream. As an initial matter, we do not see how that argument would circumvent our holding in Jones II. That aside, however, as with all litigants, the Joneses had their day in court to present their case as they saw fit. We have previously held that an attorney's ignorance or carelessness is not cognizable under Rule 60(b). Cline v. Hoogland, 518 F.2d 776, 778 (8th Cir. 1975). We think the same rule applies to litigation strategy and evidentiary choices. That the Joneses' chosen approach to damages might be characterized as including prejudgment interest is hardly so novel as to constitute surprise warranting relief under the strictures of Rule 60(b).

Thus in sum, while we agree with the Joneses that the district court should have entertained the merits of the motion, in doing so the district could have but concluded that the Joneses' motion should be denied. Accordingly, we affirm.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.